FILED
United States Court of Appeals
Tenth Circuit

October 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MONTE R. BETCHE,

     Defendant - Appellant.

No. 13-5047
(D.C. No. 4:12-CR-00192-GKE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

## I.     INTRODUCTION

After losing a motion to suppress evidence, Monte Betche pled guilty to one count

of Possession and Attempted Possession of Child Pornography in violation of 18 U.S.C.

§§ 2252(a)(4)(B) and 2252(b)(2).  He was sentenced to 51 months of imprisonment, $950

---

*After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

in restitution, and eight years of supervised release. Mr. Betche's timely appeal challenges the district court's denial of his motion to suppress.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## II.    BACKGROUND

On January 19, 2012, at 7:15 in the morning on a cold winter day, seven plain-clothed agents from the Department of Homeland Security approached Mr. Betche's home in Tulsa, Oklahoma. Mr. Betche's IP address had been implicated in an ongoing child pornography investigation, and the agents hoped to conduct a consensual interview with Mr. Betche—a "knock and talk." Aplee. ROA at 11. Two agents knocked on the front door for two to three minutes, identifying themselves as "Police." *Id.* at 12. Nobody responded. Shortly thereafter, one agent observed Mr. Betche appear from the garage, which was located toward the rear of the residence. Mr. Betche, who was wearing a t-shirt, sweat pants, but no shoes, socks, or a jacket, was walking towards a vehicle. It appeared to the agents that Mr. Betche was "trying to sneak away." *Id.*

Before Mr. Betche reached the vehicle, the agents engaged him. They explained to him that he was not under arrest. They did not restrain him. They proceeded to interview him for approximately six to ten minutes. Mr. Betche was not *Mirandized*. Eventually, Mr. Betche admitted to one of the agents that he had viewed child pornography pop ups on his computer over the prior two years, as well as that month.

---

[1] In his plea agreement, Mr. Betche specifically reserved his right to appeal this ruling.

When pressed further, Mr. Betche requested an attorney. He nonetheless continued to answer questions on other matters. Although Mr. Betche had initially claimed that no one was in the residence, he told the agents that his roommate was actually there.

Concerned that Mr. Betche's roommate might destroy the hard drive of Mr. Betche's computer—and any incriminating evidence along with it—the agents tried to contact the roommate by calling out his first and last name. After receiving no answer, the agents decided to briefly enter Mr. Betche's residence for the sole purpose of seizing Mr. Betche's computer—a Dell Dimension 4100. Mr. Betche told the agents where the computer was located, and the agents retrieved it.[2] They waited for a federal search warrant before searching its contents, at which time they found "[n]umerous images of child pornography." Aplee. Br. at 10.

On November 7, 2012, a federal grand jury indicted Mr. Betche on four counts relating to possession of child pornography.[3] Mr. Betche moved to suppress both (1) his unwarned statements to the agents and (2) the incriminating content found on his

---

[2] The agents also seized another computer—an Emachine Etower 700—that belonged to Mr. Betche's roommate. But because the Government did not intend to use any evidence derived from that machine at trial, its seizure is not at issue.

[3] Specifically, Mr. Betche was charged with Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Counts One, Two, and Three), and Possession and Attempted Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

computer.[4] First, Mr. Betche asserted that he was in custody—and therefore was entitled to a *Miranda* warning—when the agents elicited both the admission that he had viewed child pornography and the information that his roommate was still inside the house.[5] Second, Mr. Betche argued that exigent circumstances did not justify the agents' warrantless seizure of his computer because the agents could not have based their probable cause determination on any of his unwarned statements and, in any event, manufactured the exigency. The district court, in an oral order on the record, dismissed Mr. Betche's motion to suppress in its entirety.

First, the court determined that Mr. Betche was not in custody during his conversation with the agents because he "was free to stay, free to leave, free to terminate the conversation." Aplee. ROA at 67. In particular, Mr. Betche was "not restrained," "not handcuffed," and he was "not arrested even at the conclusion" of either the conversation or the investigation. *Id.* Nor did the agents display either their handcuffs or firearms. Accordingly, he was not entitled to a *Miranda* warning and his unwarned statements were not fruit of the poisonous tree.

Second, the court determined that exigent circumstances justified warrantless

---

[4] Mr. Betche did not specifically file a motion regarding the seizure of his computer, but during the course of the suppression hearing, the "parties agreed to incorporate the argument concerning the seizure of the computer into his motion to suppress." Aplee. Br. at 18.

[5] In particular, Mr. Betche pointed to the number of armed officers, the extreme cold, and the duration of the interview as evidence that he was not objectively free to leave.

seizure of Mr. Betche's computer because of his admission that he had viewed child pornography on his computer, his apparent attempt to sneak away, his inconsistent statements about the presence of his roommate in the house, and the possibility that any incriminating evidence could be destroyed before the agents obtained a search warrant.

Mr. Betche then pled guilty to Count Four of the indictment—Possession and Attempted Possession of Child Pornography—reserving his right to appeal the district court's denial of his motion to suppress. He now exercises that right.

## III. DISCUSSION

### A. The Admissibility of Mr. Betche's Unwarned Statements

**1. Standard of review and applicable law**

When reviewing a district court's denial of a motion to suppress, we view the evidence in the light most favorable to the Government and we accept the district court's factual findings unless they are clearly erroneous. *United States v. Burgess*, 576 F.3d 1078, 1087 (10th Cir. 2009). We review de novo the ultimate question of reasonableness under the Fourth Amendment. *Id.*

"[P]olice officers are not required to administer *Miranda* warnings to everyone whom they question." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam). *Miranda* warnings are only required when a suspect is both in "custody" and subject to "interrogation." *See United States v. Ritchie*, 35 F.3d 1477, 1485 (10th Cir. 1994). Even when interrogation is present, a person is "not in custody for *Miranda* purposes unless his 'freedom of action is curtailed to a degree associated with formal arrest.'" *United States*

*v. Hudson*, 210 F.3d 1184, 1190 (10th Cir. 2000) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)).  The "proper inquiry" is an objective one—i.e., "whether 'a reasonable [person] in the suspect's position would have understood his situation . . . as the functional equivalent of formal arrest.'"  *Id.* (quoting and altering *Berkemer*, 468 U.S. at 442).

In conducting this "fact-intensive inquiry, relevant factors include":  (1) whether the circumstances demonstrated a police-dominated atmosphere; (2) whether the nature and length of the officers' questioning was accusatory or coercive; and (3) whether the police made the suspect aware that he was free to refrain from answering questions, or to otherwise end the interview.  *United States v. Lamy*, 521 F.3d 1257, 1263 (10th Cir. 2008) (citing *United States v. Revels*, 510 F.3d 1269, 1275 (10th Cir. 2007)).  Courts are "*much less likely* to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings."  *Ritchie*, 35 F.3d at 1485.

## 2.  Analysis

After careful review of the record, we agree with the district court that Mr. Betche was not in custody when the agents questioned him outside his garage.  Although several agents were present, they explicitly informed Mr. Betche that he was not under arrest and they never told him that he could not leave.  Mr. Betche was never restrained during the encounter, which lasted no more than ten minutes and occurred right outside his home.  That he was ill-equipped for the cold weather does not turn an otherwise consensual interview into custodial interrogation.  Mr. Betche's choice of clothing was his own, and

- 6 -

he voluntarily decided to stay outside and speak with the agents, even after being given an opportunity to move the conversation into his home. *See Mathiason*, 429 U.S. at 495 (no custody where defendant "came voluntarily to the police station" and "was immediately informed that he was not under arrest"); *United States v. Jones*, 523 F.3d 1269, 1277 (10th Cir. 2008) ("[Defendant] at all times remained in control of the situation and was thus not in custody.").

Accordingly, Mr. Betche was not entitled to a *Miranda* warning. The district court properly denied his motion to suppress his admission about viewing child pornography on his computer and his statements regarding his roommate's presence in the house. The agents were entitled to rely upon Mr. Betche's unwarned statements in forming the basis for their decision to make a warrantless seizure of his computer. We therefore affirm on this issue.

## B. Exigent Circumstances

### 1. Standard of review and applicable law

Whether exigent circumstances excuse a warrantless search is a mixed question of law and fact. *United States v. Anderson*, 154 F.3d 1225, 1233 (10th Cir. 1998). Although we review a district court's factual findings for clear error, we review de novo whether those facts satisfy the legal test of exigency. *Id.*

A warrantless search and seizure of a home is presumptively unconstitutional unless the Government can establish an exception to the warrant requirement. *See Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011). One such exception is when exigent

circumstances—e.g., the destruction of evidence—make a warrantless search objectively reasonable. *See id.* To be reasonable, a warrantless entry to prevent destruction of evidence must be: (1) based on clear evidence of probable cause; (2) available only for serious crimes and in circumstances where the destruction of evidence is likely; (3) limited in scope to the minimum intrusion necessary to prevent the destruction of evidence; and (4) supported by clearly defined indicators of exigency that are not subject to police manipulation. *United States v. Aquino*, 836 F.2d 1268, 1272 (10th Cir. 1988).

In determining whether probable cause for a crime existed, we do not view the evidence "in isolation" but "as . . . factor[s] in the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 372 n.2 (2003); *see also United States v. Valenzuela*, 365 F.3d 892, 897 (10th Cir. 2004). Although a "serious crime" is not well defined, the Supreme Court has explained that penalties are the best indication of whether a crime is "serious." *See Illinois v. McArthur*, 531 U.S. 326, 336 (2001); *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984). As for the fourth part of the *Aquino* test, police manipulation can only be present when officers "engag[e] or threaten[] to engage in conduct that violates the Fourth Amendment." *United States v. Hendrix*, 664 F.3d 1334, 1339-40 (10th Cir. 2011) (quoting *King*, 131 S. Ct. at 1858) (alterations added).

2. **Analysis**

After careful review of the record, we agree with the district court that the agents' warrantless seizure of Mr. Betche's computer was reasonable. First, given Mr. Betche's admissions that he had viewed child pornography on his computer in the past month—not

to mention the prior two years—using the computer located in his residence, the agents had probable cause to believe Mr. Betche's computer would contain images of child pornography.

Second, receipt, possession, and/or intent to view child pornography in violation of 18 U.S.C. § 2252(a) is a serious crime. It carries a maximum penalty of 20 years and can cause "devastating effects upon society and . . . children" who are victims. *United States v. Moore*, 916 F.2d 1131, 1139 (6th Cir. 1990); *see also United States v. Anderson*, 154 F.3d 1225, 1233 (10th Cir. 1998) (discussing the seriousness of crimes involving child pornography). Further, the agents had reason to believe that Mr. Betche might destroy the evidence. They thought he was trying to sneak away from them through his garage. Mr. Betche initially misled the agents about the presence of his roommate in the house. When the agents announced their presence and tried to communicate with Mr. Betche's roommate, nobody responded. Combined with the ease with which computer hardware can be destroyed, the foregoing reasonably created an exigency under the totality of circumstances. *See United States v. Dickerson*, 195 F.3d 1183, 1187 (10th Cir. 1999); *United States v. Anderson*, 981 F.2d 1560, 1568 n.6 (10th Cir. 1992).

Third, the agents' search of the house and seizure of the computer was limited in scope; Mr. Betche told them where the computer was located and once inside, his roommate confirmed the location to the agents. They did not search the house any further, and waited for a federal warrant to search the contents of the computer. Indeed, as the Government asserts (*see* Aplee. Br. at 24), a protective sweep of the home to

secure the premises—which would have been legitimate even without a warrant—might well have been more intrusive.  *See Segura v. United States*, 468 U.S. 796, 810 (1984) ("[S]ecuring a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents.").

Finally, no police manipulation created the exigency.  The agents neither violated the Constitution nor threatened to do so.  *See King*, 131 S. Ct. at 1858.  They first attempted to conduct a "knock and talk" (Aplee. ROA at 11)—a plainly "legitimate law enforcement strateg[y]." *King*, 131 S. Ct. at 1860.  When Mr. Betche left through the garage, they engaged him in a consensual interview.  Mr. Betche's voluntary admissions were not the product of any police coercion, and the agents tried to communicate with the roommate to avoid having to proceed with a warrantless seizure.

Accordingly, exigent circumstances justified the agents' warrantless seizure of Mr. Betche's computer.  The illicit contents found on the computer were therefore admissible, and the district court properly denied Mr. Betche's motion to suppress.

## IV.   CONCLUSION

We affirm the district court's denial of Mr. Betche's motion to suppress both his statements and the contents of his seized computer.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

- 10 -